IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHAD HATTEN,  )
    Petitioner  )
      )  C.A. No. 07-330 Erie
    vs.  )  District Judge McLaughlin
      )  Magistrate Judge Baxter
UNITED STATES OF AMERICA,  )
    Respondent.  )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that Petitioner's motion for summary judgment [Document # 18] be denied, and that the instant petition for writ of habeas corpus be dismissed as lacking subject matter jurisdiction. A certificate of appealability should be denied.

**II.  REPORT**

Petitioner Chad Hatten, a federal prisoner formerly incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean") in Bradford, Pennsylvania, brings this petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his federal conviction and sentence.[1] Specifically, Petitioner claims that he is actually innocent of his conviction for Aggravated Identity Theft under 18 U.S.C. § 1028A, because "the social security numbers he 'possessed' were not obtained illegally and were not possessed with the intent to defraud anyone." (Petitioner at pp. 2, 4). Moreover, Petitioner argues that the illegal conduct in which he was allegedly engaged occurred before passage of the legislation that created 18 U.S.C. § 1028A, and before the effective date of the sentencing guideline regarding that statute. (Id. at pp. 3-4). As a result, Petitioner argues that his conviction of Aggravated Identity Theft violated the Ex Post Facto Clause. As relief, Petitioner seeks an order vacating his conviction of

---

[1] Petitioner is presently incarcerated at the Federal Correctional Institution at Waseca, Minnesota.

1

Aggravated Identity Theft and reducing his sentence by 24 months.

### A. Relevant Factual and Procedural History

On July 11, 2006, following a guilty plea, the United States District Court for the Southern District of Texas sentenced Petitioner to an aggregate term of 90 months imprisonment, followed by three years of supervised release, for his conviction of three counts of Fraud in Connection with Access Devices, in violation of 18 U.S.C. §§ 1029(a)(3) or (4), Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. (See Document # 22, Response to Petition, Exhibits 1 and 2). Petitioner filed a Notice of Appeal with the Fifth Circuit Court of Appeals on April 27, 2007; however, the appeal was dismissed as untimely on July 11, 2007. (See Document # 22, Exhibit 3).

On July 12, 2007, Petitioner filed with the trial court a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his trial counsel was ineffective, that his guilty plea was not knowing and voluntary, and that the United States made a proffer violation. (See Document # 22, Exhibit 4). By Memorandum and Opinion dated July 15, 2008, the trial court denied Petitioner's § 2255 motion, and denied a certificate of appealability. (See Document # 22, Exhibit 5). Petitioner appealed the trial court's denial of his § 2255 motion to the Fifth Circuit Court of Appeals, where the case remains pending. (See Document # 22, Exhibit 6).

In the meantime, on September 4, 2007, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Texas, challenging his conviction and sentence, and alleging that his remedy under 28 U.S.C. § 2255 is inadequate and ineffective. By Order dated November 23, 2007, the Texas district court transferred the case to this judicial district, noting that the Petition was filed by Petitioner "to collaterally attack his federal conviction" and, thus, "is properly construed as a § 2255 motion." (See Document # 5 at pp. 1-2). As such, the Texas court explained that the petition may only "be entertained under the savings clause of § 2255 if the petitioner establishes that the

remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention." (Id. at p. 2). After finding that only the custodial court has jurisdiction to determine whether the savings clause applies, and that Petitioner at the time was incarcerated within the jurisdiction of this judicial district, the Texas district court transferred the case here. (Id. at pp. 2-3).

On August 12, 2008, Petitioner filed a motion for summary judgment [Document # 18] seeking the entry of an order granting the relief he requests, as a matter of law. Respondent subsequently filed a response seeking dismissal of Petitioner's habeas petition for lack of subject matter jurisdiction. This matter is now ripe for disposition.

### B. Claims Generally Cognizable in Federal Habeas Corpus Proceedings

A prisoner may seek federal habeas relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980)(the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The writ supplies the mechanism by which prisoners may challenge the length of their custodial term. Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). The remedy is to free an inmate from unlawful custody.

As a general proposition "only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974). Challenges to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court.

3

Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978). "As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction." Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). A habeas corpus petition pursuant to § 2241 "'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Id., quoting Myers v. Booker, 232 F.3d 902, 2000 WL 159967 at *1 (10th Cir. 2000).

Because Petitioner's claims challenge the imposition of his sentence, rather than the execution of his sentence, a habeas corpus petition filed under § 2241 is not the appropriate vehicle. When a petitioner attempts to seek relief from the imposition of sentence under 28 U.S.C. § 2241, the habeas petition is usually dismissed for lack of subject matter jurisdiction.

Petitioner was convicted and sentenced in the United States District Court for the Southern District of Texas. His direct appeal of his conviction and sentence was denied by the United States Court of Appeals for the Fifth Circuit, which affirmed the district court's judgment. Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 was denied by the district court, and his appeal of this denial remains pending before the Fifth Circuit Court.

Thus, under § 2241 jurisprudence, the issues raised in the instant petition are not within the jurisdiction of this Court. See Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978) (challenge to the validity of a federal prisoner's conviction or sentence should be presented to the sentencing court). This petition represents a collateral attack upon the legality of the sentence as imposed by a district judge in the Southern District of Texas. Such an attack is properly reserved for a petition filed pursuant to 28 U.S.C. § 2255 in the sentencing court, such as the one Petitioner has already filed, which remains on appeal before the Fifth Circuit.

    **C.**    **The Savings Clause of 28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides, in pertinent part:

    an application for a writ of habeas corpus in behalf of a prisoner who is

4

> authorized to apply for relief by motion pursuant to [section 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to section 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

Petitioner seeks to have this Court bestow upon him the benefit of § 2255's savings clause. (Petition at pp. 2, 10). The Third Circuit has held that a § 2241 petition may (in limited situations) provide an avenue of relief to federal prisoners in accordance with the savings clause provision of § 2255. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

In Dorsainvil, this Circuit used the "savings clause" to carve a limited exception to the general proposition that a challenge to a conviction and imposition of sentence by a federal prisoner must be brought only as a § 2255 claim. Id. Importantly, however, the Circuit did not create a § 2241 remedy for every federal prisoner who is unable to file a successive § 2255 petition. Rather, Dorsainvil stands for the proposition that resort to § 2241 habeas corpus relief is warranted under the "unusual circumstances" presented there. The court stated that where "a complete miscarriage of justice" was evident because a prisoner was being punished for "an act that the law does not make criminal thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same complete miscarriage of justice when the AEDPA amendment to § 2255 makes that collateral remedy unavailable." Dorsainvil, 119 F.3d at 251.

The Third Circuit went on to caution:

> we do not suggest that § 2255 would be inadequate or ineffective so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress' intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position -- **that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively** -- is hardly likely to undermine the gatekeeping provisions of § 2255.

Id. at 251. The court further cautioned that the "holding that in this circumstance § 2255 is

inadequate or ineffective is therefore a narrow one." Id. Applying the Dorsainvil decision to this case, it is arguable that the exception may apply because Petitioner is contending that the illegal conduct in which he was allegedly engaged occurred before passage of the legislation that created the statute under which he was convicted, and before the effective date of the sentencing guideline regarding that statute. However, application of the Dorsainvil exception in this case is premature because Petitioner already has a § 2255 application that remains pending on appeal before the Fifth Circuit.

Finally, it is worth noting that the Third Circuit has further expounded on the relationship between its Dorsainvil decision and the savings clause:

> A § 2255 motion is inadequate or ineffective **only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.** *Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.* The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.

Cradle v. United States of America, 290 F.3d 536, 538-39 (3d Cir. 2002) (emphasis added).

Thus, under Cradle, Petitioner's inability to bring a subsequent § 2255 motion does not make that remedy "ineffective or inadequate to test the legality of his detention" so as to allow him to proceed under § 2241. Once again, however, consideration of Cradle's application to this case is premature in light of Petitioner's § 2255 application pending before the Fifth Circuit.

Based on the foregoing, therefore, this petition should be dismissed for lack of subject matter jurisdiction.

### D. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a

substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

## III.    CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's motion for summary judgment [Document # 18] be denied, and that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be dismissed for lack of subject matter jurisdiction. A certificate of appealability should also be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: February 3, 2008

cc: The Honorable Sean J. McLaughlin
United States District Judge